Citation Nr: 1513883 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 10-26 966 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for low back arthritis.
 
2. Entitlement to an increased rating for asymptomatic residuals of a gunshot wound, mild, left knee and left leg, currently rated as 10 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant, spouse



ATTORNEY FOR THE BOARD

M. Prem, Counsel


INTRODUCTION

The Veteran served on active duty from January 1944 to December 1945.

 This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision by a Regional Office (RO) of the Department of Veterans Affairs (VA). These matters were remanded in March 2014 and October 2014 for further development. 

The Veteran presented testimony at a Board hearing in February 2014. A transcript of the hearing is associated with the Veteran's claims folder.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board remanded the claims in October 2014 because it found that the August 2014 VA examination findings were in stark contrast and could not be reconciled with the May 2011 VA examination. The Board instructed the RO to schedule the Veteran for another VA examination. 

The VBMS record contains a December 2014 VA Form 21-2507a Request for Physical Examination. It also contains what purports to be VA examination reports with receipt dates of February 6, 2015 and February 11, 2015. However, both of these documents are copies of the August 2014 VA examination. Furthermore, the February 2015 supplemental statement of the case lists only the August 2014 VA examination as evidence, and it fails to list any adjudicative actions taking place following the October 2014 remand. Lastly, the Veteran, in his March 2015 Informal Hearing Presentation, fails to list any findings of a post-Remand examination.

Consequently, it does not appear that another examination was ever undertaken. The United States Court of Appeals for Veterans Claims (Court) in Stegall v. West, 11 Vet. App. 268 (1998) held that a remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. It imposes upon VA a concomitant duty to ensure compliance with the terms of the remand.
 
Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The Veteran should be afforded a VA orthopedic examination for the purpose of determining the nature, and etiology of a back disability, as well as the current severity of his left knee/leg disability. The claims file must be made available to the examiner for review in connection with the examination. Following a review of the relevant evidence, to include the claims file, service treatment records, post-service treatment records; a history obtained from the Veteran, the clinical evaluation, and any tests that are deemed necessary, 

(a) the examiner should opine whether it is at least as likely as not (a 50 percent or greater probability) that any back disability began during or is causally related to service. 

The examiner is advised that the Veteran testified that he sustained an injury during service, that he is competent to report injuries and symptoms, and that his reports must be considered in formulating the requested opinion. 

(b) the examiner should examine the Veteran's left knee and leg to determine the current severity of the disabilities. Any special tests deemed medically advisable should be conducted. The examiner should state the muscle groups involved with respect to the gunshot/shell fragment wound residuals and, for each muscle group, should indicate if the muscle injury is slight, moderate, moderately severe, or severe, in accordance with 38 C.F.R. § 3.56. The existence or lack of the cardinal signs and symptoms of muscle injury should be noted- for example, is there a loss of deep fascia, or a lowered threshold of fatigue after average use? Is there impairment of muscle tonus, and/or loss of power when compared to the sound side? Is there a loss of normal firm resistance of muscles, when compared to the sound side? 

Additionally, the examiner should comment as to whether the Veteran's gunshot/shell fragment wound residuals involve orthopedic impairment of the knee of leg? If so, range of motion testing should be conducted, and if possible, the examiner should report (in degrees) the point in range of motion testing where motion is limited by pain. If possible, the examiner should also offer an opinion as to the degree of additional functional loss (if any) due to weakness, fatigue, and incoordination, including during flare-ups. The examiner should express the additional functional limitation in terms of the degree of additional limitation due to weakened movement, excess fatigability, incoordination, flare-ups, or pain. The examiner should also note whether the Veteran's knee disability is manifested by recurrent subluxation or lateral instability. If so, are these symptoms slight, moderate, or severe?

The examiner is advised that the Veteran is competent to report injuries and symptoms and that his reports must be considered in formulating the requested opinion. 

The examiner should note that the Veteran has been service connected for an injury to the left knee/leg, and that a May 2011 VA examiner has diagnosed injuries to Muscle Groups XIV and XV. Findings that contradict these should be fully explained. 

3. After completion of the above, the AMC should review the expanded record and determine if the benefits sought can be granted. If the claims remain denied, then the AMC should furnish the Veteran and his representative with a supplemental statement of the case, and afford a reasonable opportunity for response before returning the record to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).